IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

SAVANNAH DIVISION

| | |
|---|---|
| GEORGE EVERETT JONES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CV 420-044 |
| ) | |
| SHERIFF JOHN WELCHER and ) | |
| CHATHAM COUNTY JAIL,[1] ) | |
| ) | |
| Defendants. ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff, a pretrial detainee at the Chatham County Jail in Savannah, Georgia, is proceeding *pro se* and *in forma pauperis* ("IFP") in this case filed pursuant to 42 U.S.C. § 1983. Because Plaintiff is proceeding IFP, his complaint must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984) (*per curiam*); Al-Amin v. Donald, 165 F. App'x 733, 736 (11th Cir. 2006) (*per curiam*).

**I.    SCREENING THE COMPLAINT**

   **A.    BACKGROUND**

Plaintiff brings this action against (1) Sheriff Welcher and (2) Chatham County Jail. Taking all factual allegations of the complaint as true, as the Court must for screening, the facts are as follows.

---

[1]The Court **DIRECTS** the **CLERK** to update Defendant Welcher's name on the docket in accordance with the caption on this Order, which is consistent with Plaintiff's complaint. (See doc. no. 1, p. 1.)

Plaintiff is a homeless person who lives in a tent in Savannah. (Doc. no. 1, p. 5.) On November 10, 2019, Nancy Page entered his tent, hit him with a frying pan, and grabbed his testicles which caused them to swell. (Id.) In December 2019, Plaintiff went to see a jail physician because of his swollen scrotum, and the physician said he needed surgery but the jail would not pay for it. (Id. at p. 4.) He saw a second jail physician who said the condition was not a correctional emergency. (Id. at p. 5.) Plaintiff filed two grievances with the jail and also wrote a letter to Sheriff Welcher. (Id. at p. 8.) He received no response to the grievances or his letter. (Id.)

Plaintiff asks the Court for monetary damages and to be released to receive medical attention on his own. (Id. at 6.)

### B.   DISCUSSION

#### 1.   Legal Standard for Screening

The complaint or any portion thereof may be dismissed if it is frivolous, malicious, or fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune to such relief. See 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). A claim is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). "Failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6)." Wilkerson v. H & S, Inc., 366 F. App'x 49, 51 (11th Cir. 2010) (per curiam) (citing Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997)).

To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations in the complaint must "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff

2

pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. While Rule 8(a) of the Federal Rules of Civil Procedure does not require detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678. A complaint is insufficient if it "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" or if it "tenders 'naked assertions' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 555, 557). In short, the complaint must provide a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" Twombly, 550 U.S. at 557 (quoting Fed. R. Civ. P. 8(a)(2)).

Finally, the Court affords a liberal construction to a *pro se* litigant's pleadings, holding them to a more lenient standard than those drafted by an attorney. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (*per curiam*); Haines v. Kerner, 404 U.S. 519, 520 (1972) (*per curiam*). However, this liberal construction does not mean that the Court has a duty to re-write the complaint. Snow v. DirecTV, Inc., 450 F.3d 1314, 1320 (11th Cir. 2006).

### 2. The Jail Is Not Subject to Liability in a § 1983 Suit

The Jail is not a proper party because county jails are not subject to liability under § 1983. See, e.g., Smith v. Chatham Cty. Sheriff's Dep't, No. CV 412-224, 2012 WL 5463898, at *2 (S.D. Ga. Oct. 22, 2012) ("[T]he [county jail] is not a legal entity capable of being sued."), *adopted by* 2012 WL 5463762 (S.D. Ga. Nov. 8, 2012); Sebastian v. Maynard, No. 5:10-CV-221, 2010 WL 3395040, at *2 (M.D. Ga. July 12, 2010) ("The Lamar County Detention Center is not a legal entity that is subject to suit under 42 U.S.C. § 1983."), *adopted by* 2010 WL 3395154 (M.D. Ga. Aug. 21, 2010); Bolden v. Gwinnett Cty. Det. Ctr. Med. Admin. Med.

Doctors & Staff, No. 1:09-CV-1966, 2009 WL 2496655, at *1 (N.D. Ga. Aug. 12, 2009) ("Jails, like the Gwinnett County Detention Center, are not legal entities subject to suit under § 1983 at all."). Appropriate parties for suit under § 1983 include "persons" who participated in the alleged violation. See 42 U.S.C. § 1983; see also Georgia Insurers Insolvency Pool v. Elbert Cnty., 368 S.E.2d 500, 502 (Ga. 1988) (limiting § 1983 liability to "(1) natural persons; (2) an artificial person (a corporation); and (3) such quasi-artificial persons as the law recognizes as being capable to sue") (quotations omitted). Thus, Plaintiff fails to state a claim upon which relief can be granted against the Chatham County Jail.

### 3. Plaintiff Does Not State a Claim Based on Supervisory Liability

Plaintiff argues Defendants' actions violated his Eight Amendment rights by alleging deliberate indifference to serious medical needs. (See. doc. no. 1, p. 3.) However, regardless of whether Sheriff Welcher did act with deliberate indifference, Plaintiff improperly bases his § 1983 claim on a theory of *respondeat superior*, and thus fails to state a claim.

To state a claim for deliberate indifference to a serious medical need, Plaintiff must allege: (1) he had a serious medical need – the objective component, (2) a defendant acted with deliberate indifference to that need – the subjective component, and (3) his injury was caused by a defendant's wrongful conduct. Melton v. Abston, 841 F.3d 1207, 1220 (11th Cir. 2016) (*per curiam*).

To satisfy the objective component regarding a serious medical need, a prisoner must allege that his medical need "has been diagnosed by a physician as mandating treatment or . . . is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." Goebert v. Lee Cnty., 510 F.3d 1312, 1326 (11th Cir. 2007) (quoting Hill v. Dekalb Reg'l Youth Det. Ctr., 40 F.3d 1176, 1187 (11th Cir. 1994)). To satisfy the subjective

4

component that a defendant was deliberately indifferent to his serious medical need, Plaintiff must allege that person: (1) was subjectively aware of a serious risk to Plaintiff's health, and (2) disregarded that risk by (3) following a course of action which constituted "more than mere negligence." Melton, 841 F.3d at 1223.

In addition, "not every claim by a prisoner that he has not received adequate medical treatment states a violation of the Eighth Amendment." Farrow v. West, 320 F.3d 1235, 1243 (11th Cir. 2003). The Eighth Amendment does not mandate that the medical care provided to the prisoner be "perfect, the best obtainable, or even very good." Harris v. Thigpen, 941 F.2d 1495, 1510 (11th Cir. 1991) (quoting Brown v. Beck, 481 F. Supp. 723, 726 (S.D. Ga. 1980) (Bowen, J.)). Thus, mere allegations of negligence or malpractice do not amount to deliberate indifference. Campbell v. Sikes, 169 F.3d 1353, 1363-72 (11th Cir. 1999); Harris, 941 F.2d at 1505; see also Palazon v. Sec'y for Dep't of Corr., 361 F. App'x 88, 89 (11th Cir. 2010) (*per curiam*) (requiring more than "merely accidental inadequacy, negligence in diagnosis or treatment, or even medical malpractice actionable under state law" to establish deliberate indifference claim). Medical treatment violates the Eighth Amendment only when it is so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness. Rogers v. Evans, 792 F.2d 1052, 1058 (11th Cir. 1986).

Neither does a mere difference in opinion between prison medical officials and the inmate as to the latter's diagnosis or course of treatment support a claim of cruel and unusual punishment. Harris, 941 F.2d at 1505; Waldrop v. Evans, 871 F.2d 1030, 1033 (11th Cir. 1989); Smith v. Fla. Dep't of Corr., 375 F. App'x 905, 910 (11th Cir. 2010) (*per curiam*). That is, deliberate indifference cannot be shown simply by arguing that an inmate wanted a different type of treatment. Hamm v. DeKalb Cnty., 774 F.2d 1567, 1575 (11th Cir. 1985) ("Where a

prisoner has received . . . medical attention and the dispute is over the adequacy of treatment, federal courts are generally reluctant to second guess medical judgments. . . ."). "The question of whether governmental actors should have employed additional diagnostic techniques or forms of treatment is a classic example of a matter for medical judgment and therefore not an appropriate basis for grounding liability under the Eighth Amendment." Butler v. Prison Health Servs., Inc., 294 F. App'x 497, 499 (11th Cir. 2008) (*per curiam*) (citing Adams v. Poag, 61 F.3d 1537, 1545 (11th Cir. 1995)).

However, assuming Plaintiff has alleged deliberate indifference, he makes no allegation to suggest Sheriff Welcher participated in his medical care, was involved in the decision to deny Plaintiff surgery, or adopted any policy, custom, or practice that required denial of the surgery. "Supervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates on the basis of *respondeat superior* or vicarious liability." Hartley v. Parnell, 193 F.3d 1263, 1269 (11th Cir. 1999) (internal quotation marks and citation omitted); see also Rosa v. Fla. Dep't of Corr., 522 F. App'x 710, 714 (11th Cir. 2013) (*per curiam*). Likewise, supervisors and employers cannot be sued under § 1983 simply on a theory of *respondeat superior*. See Kruger v. Jenne, 164 F. Supp.2d 1330, 1333-34 (S.D. Fla. 2000) (citing Powell v. Shopco Laurel, Co., 678 F.2d 504 (4th Cir. 1982)) (explaining that employer which provided medical care for state inmates could not be sued under § 1983 on *respondeat superior* theory).

"Because vicarious liability is inapplicable to § 1983 actions, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." Rosa, 522 F. App'x at 714 (quoting Iqbal, 556 U.S. at 676) (internal quotations omitted). Therefore, to hold defendants liable, Plaintiff must demonstrate that they

6

(1) actually participated in the alleged constitutional violation, or (2) there is a causal connection between the individual's actions and the alleged constitutional violation. See Hartley, 193 F.3d at 1269 (citing Brown v. Crawford, 906 F.2d 667, 671 (11th Cir. 1990)).

Here, Plaintiff does not mention Sheriff Welcher in his statement of claim except to allege he sent Sheriff Welcher a complaint letter after the events in question and Sheriff Welcher never responded. (Doc. no. 1, p. 8.) Nowhere does Plaintiff allege Sheriff Welcher was present for or participated in the substantive events about which Plaintiff complains. Mere failure to respond to a complaint letter or grievance is insufficient to establish liability. See Asad v. Crosby, 158 F. App'x 166, 170-72 (11th Cir. 2005) (*per curiam*) (affirming district court's dismissal of supervisory liability claims against two defendants who failed, *inter alia*, "to afford [plaintiff] relief during the grievance process," because record failed to show they "personally participated in the alleged constitutional violations, or that there was a causal connection between the supervisory defendants' actions and an alleged constitutional violation"); see also Blackerby v. McNeil, No. CV 307-071, 2008 WL 2047814, at *1-2 (S.D. Ga. May 13, 2008) (dismissing claim against prison official who allegedly failed to act in accordance with plaintiff's wishes concerning information in grievance and letter); Shehee v. Luttrell, 199 F.3d 295, 300 (6th Cir. 1999) (refusing to impose liability under § 1983 on supervisory officials who denied administrative grievances and otherwise failed to act based on allegations contained in grievances), *cert. denied*, 530 U.S. 1264 (2000); Crowder v. Lash, 687 F.2d 996, 1005-06 (7th Cir. 1982) (rejecting claim Commissioner of Department of Corrections could be held liable for damages from constitutional violation at facility within his jurisdiction based on receipt of a letter describing allegedly improper prison conditions).

Plaintiff also fails to allege the requisite causal connection between the supervisory Defendant and the asserted constitutional violations. See Zatler v. Wainwright, 802 F.2d 397, 401 (11th Cir. 1986) (requiring an affirmative causal connection between a defendant and an alleged constitutional violation). The "causal connection" can be established "when a history of widespread abuse puts the responsible supervisor on notice of the need to correct the alleged deprivation, and he fails to do so," Brown, 906 F.2d at 671, or when "the supervisor's improper 'custom or policy . . . result[s] in deliberate indifference to constitutional rights.'" Hartley, 193 F.3d at 1269 (quoting Rivas v. Freeman, 940 F.2d 1491, 1495 (11th Cir. 1991)). The standard for demonstrating "widespread abuse" is high. In the Eleventh Circuit, "deprivations that constitute widespread abuse sufficient to notify the supervising official must be *obvious, flagrant, rampant and of continued duration*, rather than isolated occurrences." Brown, 906 F.2d at 671 (emphasis added). A causal connection may also be shown when the facts support "an inference that the supervisor [or employer] directed the subordinates to act unlawfully or knew that the subordinates would act unlawfully and failed to stop them from doing so." Cottone v. Jenne, 326 F.3d 1352, 1360 (11th Cir. 2003).

Plaintiff has not alleged a history of relevant widespread abuse or a relevant and improper custom or policy. Plaintiff also does not infer Sheriff Welcher directed the physicians to act unlawfully or knew they would act unlawfully. In sum, Plaintiff has not shown Defendant Sheriff Welcher actually participated in the alleged constitutional violations; nor has he drawn the necessary causal connection to any alleged constitutional violation. Therefore, Plaintiff fails to state a claim upon which relief can be granted based on Defendant Welcher's position as supervisor.

8

## II.     LEAVE TO APPEAL *IN FORMA PAUPERIS*

The Court should also deny Plaintiff leave to appeal IFP.  Although Plaintiff has not yet filed a notice of appeal, it is appropriate to address these issues now.  See Fed. R. App. P. 24(a)(3)(A) ("A party who was permitted to proceed in forma pauperis in the district-court action . . . may proceed on appeal in forma pauperis without further authorization, unless the district court - - before or after the notice of appeal is filed - - certifies that the appeal is not taken in good faith . . . .").  An appeal cannot be taken IFP if the trial court certifies, either before or after the notice of appeal is filed, that the appeal is not taken in good faith.  See id.; 28 U.S.C. § 1915(a)(3).  Good faith in this context must be judged by an objective standard.  See Busch v. Cnty. of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999) (citing Coppedge v. United States, 369 U.S. 438 (1962)).  A party does not proceed in good faith when seeking to advance a frivolous claim or argument.  See Coppedge, 369 U.S. at 445.  A claim or argument is frivolous when, on their face, the factual allegations are clearly baseless or the legal theories are indisputably meritless.  Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993) (*per curiam*).  Stated another way, an IFP action is frivolous and, thus, not brought in good faith, if it is "without arguable merit either in law or fact." Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002); see also Brown v. United States, Nos. CV 407-085, CR 403-001, 2009 WL 307872, at *1-2 (S.D. Ga. Feb. 9, 2009).

Based on the above analysis, there are no non-frivolous issues to raise on appeal, and any appeal would not be taken in good faith.  Thus, the Court should **DENY** Plaintiff IFP status on appeal.

9

### III.  CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** Plaintiff's complaint be **DISMISSED** for failure to state a claim upon which relief may be granted and this civil action be **CLOSED**.  The Court further **RECOMMENDS** Plaintiff be **DENIED** leave to appeal IFP.

SO REPORTED and RECOMMENDED this 15th day of December, 2021, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA